# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JADA WALKER, Individually and as the Administratrix of the Estate of JAYLAND WALKER, Deceased, | Case No.: 5:23-cv-01205 |
| Plaintiff, | Hon. John R. Adams |
| v. | |
| CITY OF AKRON, MAYOR DANIEL HORRIGAN, CHIEF STEPHEN L. MYLETT, LIEUTENANT DANIEL MARX, SERGEANT MICHAEL PASTERNAK, SERGEANT VINCENT TERSIGNI, DETECTIVE SERGEANT MICHAEL ORRAND, SERGEANT TODD SINSLEY, OFFICER-SHOOTER NO. 1, OFFICER-SHOOTER NO. 2, OFFICER-SHOOTER NO. 3, OFFICER-SHOOTER NO. 4, OFFICER-SHOOTER NO. 5, OFFICER-SHOOTER NO. 6, OFFICER-SHOOTER NO. 7, OFFICER-SHOOTER NO. 8, | |
| Defendants. | |

## JOINT MOTION TO SEAL WAIVER OF SERVICE FORMS OF DEFENDANTS OFFICER-SHOOTERS NOS. 1-8

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Rule 5.2 of the Local Rules of the United States District Court for the Northern District of Ohio, and by stipulation of the Parties, the Parties respectfully request leave to file under seal waiver of service forms for Defendants Officer-Shooters Nos. 1-8, which contain the actual names of the officers.

## I. BACKGROUND

This action arises out of the shooting death of Jayland Walker by members of the Akron Police Department. On June 16, 2023, Plaintiff Jada Walker, Individually and as the Administratrix of the Estate of Jayland Walker, deceased ("Plaintiff") commenced this civil rights action against Defendants City of Akron, Mayor Daniel Horrigan, Chief Stephen L.

Mylett, Lieutenant Daniel Marx, Sergeant Michael Pasternak, Sergeant Vincent Tersigni, Detective Sergeant Michael Orrand, Sergeant Todd Sinsley, and Officer-Shooters Nos. 1-8 (collectively, "Defendants") (together, the "Parties"), alleging the following claims: (1) excessive force pursuant to 42 U.S.C. § 1983; (2) supervisory liability pursuant 42 U.S.C. § 1983; and (3) municipal liability pursuant to *Monell* and its progeny. *See* Complaint, ECF No. 1.

The shooting death of Jayland Walker has been the subject of extensive media and news coverage across the United States since it occurred in June 2022. Out of an abundance of caution as well as the City of Akron's repeated claimed concerns for privacy and safety of the officers involved, Plaintiff's Complaint identifies the officers that allegedly shot Jayland Walker using the pseudonyms of Officer-Shooters Nos. 1-8. Pursuant to Sixth Circuit jurisprudence regarding Fed. R. Civ. P. 10(a), Plaintiff filed a Motion for Leave to Identify Defendants Officer-Shooters Nos. 1-8 Using Pseudonyms contemporaneously with the Complaint. *See* ECF No. 2. Plaintiff's motion is presently pending.

Since the filing of the Complaint, Plaintiff has disclosed the identities of Defendants Officer-Shooters Nos. 1-8 to counsel for Defendants. Defendants have agreed to waive service of process of the summons and Complaint and have executed the required waiver forms. The waiver forms, however, contain the true names of Defendants Officer-Shooters Nos. 1-8. Consistent with Plaintiff's motion for leave to proceed using pseudonyms (ECF No. 2), the Parties jointly request permission to file the waiver forms for Defendants Officer-Shooters Nos. 1-8 under seal to protect their identities from becoming public. The parties propose that the officers be identified by pseudonyms during the discovery and motion phases of the case, up to trial. Should a public trial occur, then the officers would appear at trial by their actual names.

## II.  LAW AND ARGUMENT

While United States courts are presumptively open to access by the public, district courts have supervisory power of their records and files, which includes sealing them when interests of privacy outweigh the public's right of access to the information. *Omar v. Chertoff*, No. 1:06-cv-2750, 2010 WL 2044712, at *1 (N.D. Ohio May 21, 2010). This power, however, is limited by Fed. R. Civ. P. 26(c)(1), which requires "good cause" for filing information under seal. *Id.* Courts have recognized that the court has discretion to allow a defendant to be identified by a pseudonym prior to trial, particularly where a defendant has waived service and is actively participating in the litigation. This provides for anonymity against the world but not from Plaintiff. *See Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768; 12 C 1546 (N. D. Ill. 2012), citing *U. S. v. Microsoft Corp.*, 56 F.3d 1448,1464 (D. C. Cir. 1995).

Here, good cause exists to file the waiver of service forms under seal to protect the identities of the officers directly involved in the shooting death of Jayland Walker. The shooting death of Jayland Walker has been a highly controversial and high-profile subject both among the local public and national media and news outlets. Members of the public have also publicly protested and expressed outrage regarding recent decisions not to criminally prosecute the officers involved. As a result, Defendants have expressed concerns about the safety of the officers involved if their identities are disclosed to the public. Out of an abundance of caution to ensure the safety of the officers, the Parties jointly request permission to file waiver of service forms for the officers—which contain their true names—under seal.

While the parties recognize the historically public nature of litigation and the public interest in this matter, the parties assert that the risk to officer safety and impact of the intense publicity on both parties warrants the Court exercising its discretion to allow the pre-trial phase of this

litigation to be conducted under pseudonyms for the alleged shooting officers.

### III. CONCLUSION

Pursuant to Rule 26(c)(1), Local Rule 5.2, and stipulation of the Parties, the Parties respectfully request the Court grant their motion for leave to file under seal waiver of service forms of Defendants Officer-Shooters Nos. 1-8.

Respectfully submitted,

*/s/ John T. McLandrish (per consent)*
John T. McLandrich
**MAZANEC, RASKIN & RYDER CO., L.P.A.**
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
Tel.: 440-248-7906
jmclandrich@mrrlaw.com

***Counsel for Defendants***

*/s/ Justin J. Hawal*
Robert F. DiCello (0072020)
Kenneth P. Abbarno (0059791)
Justin J. Hawal (0092294)
Peter C. Soldato (0099356)
**DıCELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
Tel.: 440-953-8888
rfdicello@dicellolevitt.com
kabbarno@dicellolevitt.com
jhawal@dicellolevitt.com
psoldato@dicellolevitt.com

Elizabeth Paige White*
**DıCELLO LEVITT LLP**
1101 17th Street, NW, Suite 1000
Washington, DC 20036
pwhite@dicellolevitt.com

***Counsel for Plaintiff***

*pro hac vice application forthcoming