IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JADA WALKER, | ) | CASE NO. 5:23-cv-01205 |
| *Plaintiff*, | ) ) | JUDGE JOHN R. ADAMS |
| -vs- | ) ) | **ANSWER OF DEFENDANTS** |
| CITY OF AKRON, et al. | ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| *Defendants.* | ) | |

Now come Defendants, by and through undersigned counsel, and pursuant to Rule 7(a)(2) of the Federal Rules of Civil Procedure, submit their Answer to Plaintiff's Complaint, and state as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by Defendants. Further answering said Paragraph, Defendants deny Plaintiff's characterization of the events and, therefore, deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, and deny any and all remaining allegations in Paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff purports to bring this action pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, and deny any and all remaining allegations in Paragraph 5 of the Complaint.

6. In response to the jurisdictional paragraph, Defendants admit this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and deny any and all remaining allegations in Paragraph 6 of the Complaint.

7. Defendants admit that venue is proper in this Court, and deny any and all remaining allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are without information or knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and, therefore, deny the same.

10. Defendants admit that Defendants Nos. 1-8 are employed as police officers for the City of Akron and are residents of the State of Ohio. Defendants deny any and all remaining allegations in Paragraph 10 of the Complaint.

11. Defendants admit that Defendant Nos. 1-8 are identified using pseudonyms, and deny any and all remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that Sgt. Pasternak was the supervisor for one of the eight officer Defendants, and deny the remaining allegations in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that Sergeant Vincent Tersigni is a police officer employed by the City of Akron Police Division, was a direct supervisor of the Officers No. 1 through 8 on June 27, 2022, and monitored the pursuit of Jayland Walker. Defendants deny any and all remaining allegations in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants admit that Sergeant Michael Orrand is a police officer employed by the City of Akron Police Division, and was assigned to investigate the Akron Police Incident Number 22-078920

involving Jayland Walker prior to the arrival of investigators from the Ohio Bureau of Criminal Investigation. Defendants deny any and all remaining allegations in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that Sergeant Todd Sinsley is a police officer employed by the City of Akron Police Division, and that Sergeant Sinsley entered the intersection of South Main Street and Wilbeth Road in order to stop traffic from being struck by Mr. Walker's vehicle during the pursuit. Defendants deny any and all remaining allegations in Paragraph 15 of the Complaint.

16. Defendants admit that, on June 27, 2022, Lieutenant Daniel Marks was the supervisor of Pasternak, Tersigni, Orrand, and Sinsley, and deny any and all remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants aver that, pursuant to Section 68 of the Charter of the City of Akron, Chief Mylett is in immediate charge of the Akron Police Division, has jurisdiction over the police station and any substation that may be established, and has control over the stationing and transfer of all patrolmen and other employees constituting the Division of Police, under such rules and regulations as the Mayor may prescribe. Defendants deny any and all remaining allegations in Paragraph 18 of the Complaint.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendants aver that pursuant to Section 54 of the Charter of the City of Akron, Mayor Horrigan has certain duties

as set forth in said section. Further answering said Paragraph, Defendants deny Plaintiff's characterization of said duties and powers and therefore, deny the remaining allegations of said Paragraph. Defendants deny any and all remaining allegations in Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants aver that pursuant to Section 58 of the Charter of the City of Akron, the Mayor has certain authority to cause the affairs of any department or the conduct of any officer or employees to be examined. Defendants deny any and all remaining allegations in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants aver that pursuant to Section 68 of the Charter of the City of Akron, the Mayor may prescribe rules and regulations relating to the Police Division. Defendants deny any and all remaining allegations in Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants aver that pursuant to Section 67 of the Charter of the City of Akron, the Mayor shall make all rules necessary for the regulation and discipline for the Department of Public Safety. Defendants deny any and all remaining allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit that the City of Akron Municipal Building is located at 166 South High Street, Akron, Ohio 44308, and deny any and all remaining allegations in Paragraph 25 of the Complaint.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants admit that the City of Akron employed the named Defendants. Defendants deny any remaining allegations contained in said Paragraph.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants aver the Akron Police Division's Mission Statement provides aspirational goals of the City Police Division as set forth in said Statement. Further answering said Paragraph, Defendants aver they carried out the Department Mission Statement in this matter. Defendants deny any and all remaining allegations in Paragraph 27.

28. Answering Paragraph 27 of Plaintiff's Complaint Defendants aver the Akron Police Division's website, accessible via https://www.akronohio.gov/cms/site/10c5e96e7db5b10f/index.html, sets forth certain information related to the Division of Police as set forth therein. Further answering said Paragraph, Defendants aver their conduct in this matter meets the listed five "APD Values and Principles," which are quoted in Paragraph 28(a) through (e) of the Complaint. Defendants deny any and all remaining allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint and aver their conduct complied with the law, their Mission Statement and their promises to the Community.

30. Answering Paragraph 30 of Plaintiff's Complaint Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. Further answering said Paragraph, Defendants deny any violation of law and any remaining allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of Defendants as inappropriate and therefore deny the allegations of said Paragraph.

33. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint as if fully rewritten herein in response to Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Answering Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48 of Plaintiff's Complaint, Defendants admit that Officer No. 1 and Officer No. 2, employees of the City of Akron Police Division, were patrolling the area of North Howard Street and Tallmadge Avenue in Patrol Car #24 when they observed a 2005 Buick Century ("Buick") with a black male driver, bearing Ohio Registration HON 4514, turn onto Tallmadge Avenue. Defendants deny any remaining allegations in Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of Plaintiff's Complaint that are not expressly admitted herein.

37. Further answering said Paragraphs, Defendants admit that Officers No. 1 and No. 2 observed that the Buick had a cracked taillight and no working license plate light.

38. Further answering said Paragraphs, Defendants admit that, after observing the cracked taillight and inoperable license plate light, Officers No. 1 and No. 2 followed the Buick as it travelled down North Howard Street.

39. Further answering said Paragraphs, Defendants admit that Mr. Walker turned the Buick onto Tallmadge Avenue and headed east.

40. Further answering said Paragraphs, Defendants admit Officer No. 2 ran the Buick's license plate through the Law Enforcement Automated Data System ("LEADS").

41. Further answering said Paragraphs, Defendants admit LEADS contained a note attached to the license plate stating that the previous day, an officer from the New Franklin Police Department attempted to conduct a traffic stop after observing the Buick with no license plate lights and a broken taillight, and that the driver fled. Further answering said Paragraphs, Defendants admit that the note stated that the driver was a white male wearing a black hoodie.

42. Further answering said Paragraphs, Defendants admit that that the LEADS search results stated that there were no warrants associated with the Buick or Jayland Walker, the Buick's owner.

43. Further answering said Paragraphs, Defendants admit that the LEADS search results stated that Mr. Walker had a valid driver's license.

44. Further answering said Paragraphs, Defendants admit that Officers No. 1 and No. 2 followed Mr. Walker as he turned onto State Route 8 southbound and exercised their discretion not to stop the Buick on Route 8 for the equipment violations due to safety concerns, the nature of the violations and the fact that the driver description from the New Franklin event of the night before was reported as a white male.

45. Further answering said Paragraphs, Defendants aver that after deciding not to stop the Buick vehicle on Route 8, Officers 1 & 2 returned to their previous patrol area

in the vicinity of East Tallmadge Avenue and North Howard Street. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

46. Answering Paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73 Defendants aver that approximately ten minutes after Officers No. 1 and No. 2 returned to North Howard and Tallmadge resuming their patrol activities, Officers No. 1 and No. 2 observed the same Buick, operated by an African American male, presumed to be Mr. Walker, at North Howard and Tallmadge for a second time. Defendants deny any remaining allegations in Paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 that are not expressly admitted herein.

47. Further answering said Paragraphs Defendants admit that Mr. Walker turned onto Tallmadge Avenue.

48. Further answering said Paragraphs, Officers No. 1 and No. 2 decide to initiate a traffic stop based on their prior observations of the equipment violations coupled with the suspicious activity of returning to the same area where Mr. Walker encountered them just ten minutes prior. Mr. Walker leaves the center lane and turns onto East Tallmadge Avenue followed by Officers No. 1 & No. 2. At or near Thayer Street and East Tallmadge Avenue, Officers No. 1 & No. 2 activate their overhead lights to affect the traffic stop and then chirp the siren in further effort to affect the traffic stop. Mr. Walker does not stop and continues eastbound on Tallmadge Avenue followed by Officers No 1. & No. 2 at approximately 30 mph. Mr. Walker continues as he approaches Route 8 again and enters the southbound

entrance ramp. Mr. Walker continues to ignore the officers' efforts to stop his vehicle as he proceeds onto Route 8. Sgt. Tersigni advises Officers No. 1 & No. 2 that if they are going to engage in a pursuit to activate their sirens. Officers No. 1 and No. 2 indicate it will be a pursuit and activate their siren to accompany their already activated overhead lights. As Mr. Walker drives on the southbound ramp onto Route 8, a gunshot can be heard and seen to come from his driver's side door of his vehicle, striking the ground. This gunshot is announced over the radio by Officer No. 2 and Officer No. 2 issues a signal 21, indicating officers need help/assistance and that officers should respond if able. This shot is witnessed not only by Officers 1 & 2, it is also witnessed by a Cuyahoga Falls police officer who happens to be stopped the same intersection, who also broadcasts the gunshot. Officers No. 1 & No. 2 recognize that this gunshot has changed the nature of this call from a traffic stop for an equipment violation into a far different and far more dangerous call as it demonstrated the ability and willingness of the driver to fire at or near police officers in disregard for the safety of the public and the officers. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

49. Answering Paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 of Plaintiff's Complaint, Defendants admit that the Officer Defendants' body-worn cameras were activated during the incident, and deny any allegations in the Complaint to the extent that they are inconsistent with the body-worn camera videos. Further answering said Paragraphs, Defendants admit that the vehicle pursuit lasted approximately six minutes with the Officer Defendants.

9

Defendants deny any remaining allegations in Paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 that are not expressly admitted herein.

50. Further answering said Paragraphs, Defendants admit that no pedestrians were present during the pursuit on Route 8 highway and that traffic was light, such that the pursuit does not violate department policy or cause undue danger to the motoring public. As the pursuit continues on Route 8 Car 20, operated by Officers No. 3 and No. 4, entered the pursuit as the primary unit approximately three minutes into the pursuit. Cars 20 and 24 pursue Mr. Walker for approximately three additional minutes. Mr. Walker's vehicle was travelling at approximately 72 miles per hour at certain points during the final three minutes of the vehicle pursuit, and traffic was still light. Mr. Walker exited the freeway at Archwood Avenue and continued to flee the pursuing officers, travelling at various speeds as he exits the highway and travels down side streets with speeds between 15 mph and 55 mph, proceeding through several stop signs, eventually turning onto Wilbeth Avenue.

51. Further answering said Paragraphs, Defendants aver Mr. Walker slowed his vehicle near a building that turns out to be the Bridgestone Center for Research and Technology. Further answering said Paragraphs Defendants deny any remaining allegations contained therein. Further answering said Paragraphs, Defendants aver any danger was created by Mr. Walker's unlawful conduct, failure to comply with lawful police commands, and his disregard for his own safety and the safety of the officers.

52. Answering Paragraphs 93, 94, 95, 96, 97, and 98 of Plaintiff's Complaint, Defendants admit that as Mr. Walker opened the Buick's driver-side door and put a foot on the pavement, an officer used the push bumper of their patrol car to close the open door of the Buick, and that Mr. Walker's foot may have prevented the door from closing. Defendants deny any remaining allegations in Paragraphs 93, 94, 95, 96, 97, and 98 that are not expressly admitted herein.

53. Further answering said Paragraphs, Defendants admit that Mr. Walker retreated into the Buick as it continued to slowly roll forward. Mr. Walker then exits the vehicle wearing a black balaclava over his head. Officers exited their vehicles, drew their weapons and issued commands to Mr. Walker to stop and surrender.

54. Answering Paragraph 99 of Plaintiff's Complaint Defendants admit that multiple officers were on the scene as the Buick rolled onto the curb. Further answering said Paragraph, Defendants deny any and all remaining allegations in Paragraph 99 of the Complaint.

55. Answering Paragraphs 100, 101, 102, 103, 104, 105, 106. 107, 108, 109, 110, 111, 112, 113, 114 and 115 of Plaintiff's Complaint Defendants deny Plaintiff's characterization of the events and therefore deny the allegations of said Paragraphs. Further answering said Paragraphs, Defendants aver that as the foot chase commenced and continued Mr. Walker continued to disobey lawful commands to stop and surrender. Further answering said Paragraphs Defendants aver that two officers attempted to use Tasers to stop Mr. Walker's flight and to take him safely into custody. These efforts to use Tasers to apprehend Mr. Walker were unsuccessful and he continued to flee. Mr. Walker entered the adjacent parking lot.

He again slowed and turned towards officers for a second time. On this occasion Mr. Walkers hands were at his waist or in his pockets. As he turned, he raised his left arm and extended it into a 'shooting posture.' The officers, based on their observations, training, and experience, feared that Mr. Walker now had the gun he had fired out the door of his car earlier in the event, feared for their lives and those of their fellow officers. Based on the 'shooting stance' of Mr. Walker and the knowledge that he had a firearm earlier and the perception he had it now and was preparing to shoot and/or shooting, the officers No. 1 to No. 8 fired, striking Mr. Walker at various times. As Mr. Walker fell to the ground, he continued to move in a fashion that indicated he was a continuing threat and officers fired until that threat was ended. Defendants admit that 94 shots were fired during the events with the individual counts being as stated. Defendants deny any remaining allegations in Paragraphs 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114 and 115 that are not expressly admitted herein.

## **ANSWER TO COUNT I – EXCESSIVE FORCE**

56. Defendants incorporate their responses to Paragraphs 1 through 115 of the Complaint as if fully rewritten herein in response to the allegations contained in Paragraph 116 of the Complaint.

57. Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, and deny any and all remaining allegations in Paragraph 117 of the Complaint.

58. Answering Paragraph 118 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by Defendants. Further answering said

Paragraph, Defendants admit that 42 U.S.C. § 1983 contains the quoted language in Paragraph 118, and deny any violation of law and deny any and all remaining allegations in Paragraph 118 of the Complaint.

59. Answering Paragraph 119 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by Defendants. Further answering said Paragraph, Defendants admit that the Fourth Amendment to the United States Constitution contains the quoted language in Paragraph 119, and deny any violation of law and deny and all remaining allegations in Paragraph 119 of the Complaint.

60. Answering Paragraph 120 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by Defendants. Further answering said Paragraph, Defendants the statement contained in Paragraph 120 of the Complaint is a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendants aver the opinion of the United States Supreme Court, in *Tennessee v. Garner*, 471 U.S. 1 (1985) contains a legal standard regarding the use of deadly force on a fleeing felon. Further answering said Paragraph, Defendants deny this language applies to the case at bar and Defendants deny any and all remaining allegations in Paragraph 120 of the Complaint.

61. Defendants deny the allegations in Paragraph 121 of the Complaint.

62. Answering Paragraphs 122 and 123 of Plaintiff's Complaint, Defendants aver said Paragraphs are a tautology and, therefore, do not require an answer. Further answering said Paragraphs, Defendants deny plaintiff's characterization of the events and, therefore, deny the allegations contained therein.

63. Answering Paragraph 124 of Plaintiff's Complaint, Defendants admit they acted under color of law and deny the remaining allegations in Paragraph 124 of the Complaint.

64. Defendants deny each and every allegation in Paragraph 125 and subparts (a) through (e) of Paragraph 125 of the Complaint.

65. Defendants deny the allegations in Paragraph 126 of the Complaint.

**ANSWER TO COUNT II – SUPERVISORY LIABILITY**

66. Defendants incorporate their responses to Paragraphs 1 through 126 of the Complaint as if fully rewritten herein in response to the allegations contained in Paragraph 127 of the Complaint.

67. Answering Paragraph 128 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by Defendants. Further answering said Paragraph, Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, and deny any and all remaining allegations in Paragraph 128 of the Complaint.

68. Answering Paragraphs 129 and 130 of Plaintiff's Complaint, Defendants admit that Mayor Horrigan, Chief Mylett, Lt. Marks, and Sgt. Tersigni have various levels of supervisory authority for Defendants Nos. 1 through 8, and deny any and all remaining allegations in Paragraph 129 of the Complaint.

69. Answering Paragraphs 131, 132, 133, 134, 135, 136, 137 and 138 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## ANSWER TO COUNT II – MUNICIPAL LIABILITY PURSUANT TO *MONELL*

70. Defendants incorporate their responses to Paragraphs 1 through 138 of the Complaint as if fully rewritten herein in response to the allegations contained in Paragraph 139 of the Complaint.

71. Answering Paragraph 140 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by Defendants. Further answering said Paragraph, Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, and deny any and all remaining allegations in Paragraph 140 of the Complaint.

72. Defendants admit that, pursuant to the Charter of the City of Akron, Mayor Horrigan is a policymaker for the City of Akron Police Division, and deny any and all remaining allegations in Paragraph 141 of the Complaint.

73. Defendants admit that the City of Akron has a Police Division with arrest powers, and deny any and all remaining allegations in Paragraph 142 of the Complaint.

74. Defendants deny each and every allegation in Paragraph 143, and subparts (a) through (g) of Paragraph 143 of the Complaint.

75. Defendants admit that the comment containing the quoted statement in Paragraph 144 was made on the Mayor's Facebook page, deny that the comment was authored by the Mayor, and deny any and all remaining allegations in Paragraph 144 of the Complaint.

76. Defendants admit the allegations in Paragraph 145 of the Complaint.

77. Defendants deny each and every allegation in Paragraph 146, and subparts (a) through (e) of Paragraph 146 of the Complaint.

78. Defendants deny the allegations in Paragraphs 147 of the Complaint.

79. Defendants deny the allegations in Paragraph 148 of the Complaint.

80. Defendants deny that the City of Akron maintains an unwritten policy or custom of fostering racist and violent ideas and attitudes towards African Americans within the City of Akron. Defendants deny each and every allegation in Paragraph 149 that is not hereafter admitted in response to subparts (a) through (d) of Paragraph 149 of the Complaint.

   a. Defendants admit that, in 1998, certain Akron Police Department officers described the Signal 44 Newsletter, attached to the Complaint and identified by Plaintiff as Exhibit 1, as humorous.

   b. Defendants admit that Exhibit 1 contains the quoted statements in subparts (b)(i) through (vii) of Paragraph 149 of the Complaint.

   c. Defendants admit that, during the 1998 Internal Affairs Investigation into the newsletter's discovery reflects:

      i. Clay Cozart was interviewed and said he was not offended that his name was in the newsletter and added that publicity about the subject was "unfair."

      ii. Lieutenant Brian Simcox was interviewed and said that he was not offended at his name appearing in the newsletter, and thought the newsletter was "hilarious."

      iii. Deputy Chief Brian Harding was interviewed and said that he was not offended at appearing in the newsletter, felt the newsletter had no adverse effect on the shift, and thought the newsletter was "funny."

d. Defendants admit that Terry Pasko remained employed with the City of Akron until 2019 and retired as a captain, and state that Pasko received a 30-working day suspension for misconduct toward other city employees, officials, and the public and for conduct unbecoming an officer of the City of Akron.

81. Defendants admit that no officer was fired for their involvement in the Signal 44 newsletter and state that its author, Terry Pasko, was disciplined for authoring the newsletter. Defendants deny each and every remaining allegation in Paragraph 150 of the Complaint.

82. Defendants admit the allegations in Paragraph 151 of the Complaint.

83. Defendants admit that the City of Akron did not discipline officers for not being offended by a newsletter in which they were mentioned, and deny each and every remaining allegation in Paragraph 152 of the Complaint.

84. Defendants deny the allegations in Paragraphs 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166 and 167 of Plaintiff's Complaint and controvert the prayer contained subsequent thereto.

85. Defendants deny each and every allegation not heretofore admitted as true.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

86. Defendants reallege and reaver and the admissions, averments and denials contained in Paragraphs 1 through 85 of its answer as if fully rewritten herein.

87. Plaintiff has failed to state a claim upon which relief may be granted for all claims.

## SECOND DEFENSE

88. Defendants assert the defense of qualified immunity for all 42 U.S.C. § 1983 claims asserted against them in their individual capacities.

89. Defendants reserve the right to amend their answer to assert any additional affirmative defenses that become apparent in discovery or in the course of litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just and proper.

Respectfully submitted,

EVE V. BELFANCE
Director of Law

*/s/ John Christopher Reece*                     .
JOHN CHRISTOPHER REECE (0042573)
Deputy Director of Law
MICHAEL J. DEFIBAUGH (0072683)
KIRSTEN L. SMITH (0099074)
Assistant Directors of Law
161 S. High St., Suite 202
Akron, Ohio 44308
(330) 375-2030
(330) 375-2041 (fax)
jreece@akronohio.gov
mdefibaugh@akronohio.gov
klsmith@akronohio.gov

*Attorneys for Defendants*


MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*                     .
JOHN T. MCLANDRICH  (0021494)
DAVID J. SIPUSIC (0073699)
EDMOND Z. JABER (0096355)
100 FRANKLIN'S ROW
34305 Solon Road

Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
jmclandrich@mrrlaw.com
dispusic@mrrlaw.com
ejaber@mrrlaw.com

*Counsel for Defendants City of Akron, Ohio, Mayor Daniel Horrigan, Chief Stephen Mylett, Lt. Daniel Marx, Sgt. Michael Pasternak, Sgt. Vincent Tersigni, Det. Sgt. Michael Orrand, Sgt. Todd Sinsley, and Officer-Shooter Nos. 1-8*

## JURY DEMAND

Defendants demand trial by jury in the maximum number of jurors permitted by law for each claim and cause of action.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
DAVID J. SIPUSIC (0073699)
EDMOND Z. JABER (0096355)

*Counsel for Defendants City of Akron, Ohio, Mayor Daniel Horrigan, Chief Stephen Mylett, Lt. Daniel Marx, Sgt. Michael Pasternak, Sgt. Vincent Tersigni, Det. Sgt. Michael Orrand, Sgt. Todd Sinsley, and Officer-Shooter Nos. 1-8*

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, a copy of the foregoing Answer of Defendants was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
DAVID J. SIPUSIC (0073699)
EDMOND Z. JABER (0096355)

*Counsel for Defendants City of Akron, Ohio, Mayor Daniel Horrigan, Chief Stephen Mylett, Lt. Daniel Marx, Sgt. Michael Pasternak, Sgt. Vincent Tersigni, Det. Sgt. Michael Orrand, Sgt. Todd Sinsley, and Officer-Shooter Nos. 1-8*
